FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT ORION W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03124-RHW <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. Plaintiff brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434, and his application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §1381-1383F. *See* Administrative Record (AR) at 16, 30. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on September 9, 2014. *See* AR 209-215, 216-222. In both applications, Plaintiff's alleged onset date of disability was August 30, 2013. AR 209, 216. Plaintiff's applications were initially denied on December 9, 2014, *see* AR 113-116, and on reconsideration on April 14, 2015. *See* AR 123-134. Plaintiff then filed a request for a hearing on April 28, 2015. AR 135-36.

A hearing with Administrative Law Judge ("ALJ") Keith Allred occurred on January 12, 2017. AR 38, 40. On April 28, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled as defined in the Act and was therefore ineligible for disability benefits or supplemental security income. AR 13-31. On May 18, 2018, the Appeals Council denied Plaintiff's request for review, AR 1-6, thus making the ALJ's ruling the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

On July 12, 2018, Plaintiff timely filed the present action challenging the denial of benefits. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

///

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are so severe that the claimant is not only unable to do his or her previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571, 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether one of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*,

261 F.3d 853, 857 (9th Cir. 2001). Even if the evidence in the record is susceptible to more than one rational interpretation, if inferences reasonably drawn from the record support the ALJ's decision, then the court must uphold that decision. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 35 years old on the alleged date of onset. AR 69. He attended school through the 11th grade and can communicate in English. AR 29, 45, 242, 244. Plaintiff has past work as a line cook and as a prep cook. AR 29, 244, 253-262.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act at any time from August 30, 2013 (the alleged onset date) through April 28, 2017 (the date the ALJ issued his decision). AR 17, 30-31.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date (citing 20 C.F.R. § 404.1571 *et seq.*). AR 19.

///

///

**At step two**, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, epilepsy, and ischemic heart disease (citing 20 C.F.R. § 404.1520(c)). AR 19-22.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, Appendix 1. AR 22-23.

**At step four**, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). AR 24. The ALJ found Plaintiff could never climb ladders, ropes, or scaffolds, but could occasionally perform other postural movements. AR 24. The ALJ further found that Plaintiff could not be exposed to extremes in cold, vibration, or hazards. AR 24. Given these physical limitations, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 29.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he could perform. AR 29-30. These included a telephone information clerk, an account clerk, and an order clerk. AR 30.

///

///

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ: (1) improperly discredited his subjective pain complaint testimony; and (2) improperly relied solely on the opinion of a non-examining doctor in determining his physical limitations, and consequently failed to fully develop the record. ECF No. 12 at 2.

## VII. Discussion

### A. The ALJ did not Improperly Reject Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred by discounting the credibility of his testimony regarding his subjective symptoms. ECF No. 12 at 10-18.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear, and convincing reasons" for doing so. *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce some degree of the symptoms Plaintiff alleged. AR 26. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 26. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony,[1] AR 26, as Plaintiff himself acknowledges. *See* ECF No. 12 at 12 ("The ALJ offered several reasons for finding that [Plaintiff's] testimony was not corroborated by his medical records.").

---

[1] Plaintiff implies that the ALJ rejected his subjective pain complaints solely because his testimony was not fully corroborated by the objective medical evidence. ECF No. 12 at 11-12; *see Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."). This misconstrues the ALJ's reasoning. The ALJ did not find that Plaintiff's subjective complaints were not credible due to a lack of corroborating medical evidence. Rather, the ALJ reached that conclusion because the medical records *affirmatively contradicted* Plaintiff's complaints, *see infra* at 10-14, which is an important distinction.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

First, the ALJ reasoned that Plaintiff's conditions notably improved after he participated in physical therapy, and that this improvement was inconsistent with his allegations of back pain. AR 26. In early March 2014, Plaintiff began attending physical therapy for left foot drop and lower back pain. AR 634. At that time, his usual pain was a 6 out of 10. AR 634. After several weeks of physical therapy, Plaintiff experienced "notable improvement in foot drop." AR 808.

At the end of his physical therapy, Plaintiff's therapist noted that he had completed all his therapy goals. AR 635. Plaintiff's usual pain was now a 0 out of 10 and he noticed improved function. AR 635. He was able to walk while bearing his full weight without any gait deviations. AR 635. He was also able to participate in his activities of daily living without any increase in symptoms. AR 635. He increased his left leg strength while remaining pain free. AR 635. An ALJ may find a claimant's subjective symptom testimony not credible based on evidence of effective responses to treatment. *See*, *e.g.*, *Tommasetti*, 533 F.3d at 1040 (finding that a positive response to physical therapy "undermine[d Plaintiff's] reports regarding the disabling nature of his pain"); *Alvarado v. Berryhill*, No. CV 16-07380-DFM, 2018 WL 3129770, at *3 (C.D. Cal. 2018); 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3).

In his opening brief, Plaintiff agrees that physical therapy helped his left foot drop but contends it did not help his low back pain. ECF No. 12 at 12-13 (citing

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

AR 672, 804). Therefore, he argues, the fact that his foot drop improved with treatment is not actually inconsistent with his hearing testimony. *Id.* The problem with this argument is that, even assuming his low back pain did not improve (although as discussed *infra* at 13-14, the record suggests it did), Plaintiff testified at the hearing that his foot drop condition never improved and still renders his entire left foot useless. *See* AR 53-55. He testified that he can barely lift his foot off the ground, that it feels "like wet newspaper," and that use of his foot "could never come back." AR 53. He further testified that he has no control of his foot and that it has a "mind of its own." AR 54. Accordingly, the medical evidence showing that Plaintiff's foot drop condition considerably improved after physical therapy *was* inconsistent with his hearing testimony, and was therefore a legitimate basis for the ALJ to discount his subjective pain complaints.

Second, the ALJ discounted Plaintiff's subjective complaints of completely disabling limitations because they were belied by his daily activities. AR 29. In October 2014, Plaintiff told his cardiologist that he "walk[ed] all the time everywhere and [did not] have any decreasing exercise capacity."[2] AR 781. By September 2015, Plaintiff reported that he was doing fairly well and walking two

---

[2] Plaintiff argues the ALJ improperly relied on these notes by his cardiologist, given that cardiologists do not specialize in degenerative disc disease and therefore these comments were "outside of the cardiologist's purview." ECF No. 12 at 15-16. However, the ALJ only relied on these statements to the extent they demonstrated Plaintiff's level of physical activity. *See* AR 26. These statements could have come from any lay witness, and the doctor did not need to be an orthopedist to simply note that Plaintiff walked everywhere and could exercise. *See Burlingham v. Comm'r Soc. Sec. Admin.*, No. 3:13-CV-01030-MA, 2014 WL 2213333, at *5 (D. Or. 2014).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

miles every third day. AR 1135. The ALJ found that these reports regarding his ability to walk and exercise were "not entirely consistent with [his] allegations of limitation in walking." AR 26. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of subjective complaints. *Molina*, 674 F.3d at 1113; *see also Rollins*, 261 F.3d at 857; *Smolen*, 80 F.3d at 1284; 20 C.F.R. §§ 404.1529(c)(3)(i).

Plaintiff agrees that he can go on long walks but argues that it takes him 30 minutes to walk a mile, that he needs to use a cane, and that he must stop every quarter mile to rest. ECF No. 12 at 13 (citing AR 57). He argues that his walking activity does not mean that he has capacities that are transferable to a work setting. *Id.* However, a claimant does not need to run marathons for an ALJ to conclude that the claimant's daily activities undermine his or her subjective complaint testimony. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macias v. Colvin*, No. CV 15-9892-PLA, 2016 WL 5867405, at *9 (C.D. Cal. 2016) (holding that the ALJ properly discounted claimant's symptom testimony where claimant could still do daily activities, albeit at a "slow and interrupted pace"). Rather, even when a claimant's daily activities suggest some difficulty functioning, an ALJ may still discredit his or her testimony to the extent those activities contradict claims of a totally disabling impairment. *Molina*, 674 F.3d at 1113. And here, even though Plaintiff testified that he had some difficulty walking, the ALJ did not err in

finding that his level of daily activity contradicted his claims of complete and total disability. *See id.*

Finally, the ALJ reasoned that Plaintiff's symptom testimony was inconsistent with his examination findings and other evidence in the medical record. AR 26. After he was discharged from physical therapy, his physical examinations regularly reflected normal gait, balance, coordination, and motor strength. AR 635, 653, 796, 802, 807, 811, 1161. They also reflected full range of motion, stability, and strength in his cervical, thoracic, and lumbar spine. AR 653, 802, 1161. The last time Plaintiff went to the hospital for back pain was in October 2014, which suggested to the ALJ that his severe episodes of back pain became better controlled after that time.[3] AR 26, 638-42, 775-79. In February 2016, Plaintiff reported having good control of his back pain with prescription methocarbamol and denied having any back symptoms at that time. AR 1153. An ALJ may discount a claimant's subjective symptom testimony when it is inconsistent with the medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*,

---

[3] Plaintiff contends this was error and argues that the ALJ was required to consider other explanations for why he stopped going to the hospital for back pain. ECF No. 12 at 14-15 (citing Social Security Ruling 16-3). Putting aside the fact that the Social Security Ruling he cites is advisory and only serves to "illustrate possible reasons an individual may not have pursued treatment," Social Security Ruling 16-3, Plaintiff fails to offer an alternate reason for why he last went to the hospital for low back pain in October 2014. *See* ECF No. 12 at 14-15. In the absence of some other explanation, the ALJ was entitled to infer that it was because his back pain was better controlled.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

533 F.3d 1155, 1161 (9th Cir. 2008); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Plaintiff argues that his subjective complaint testimony is not inconsistent with the medical record, pointing to a chart note from November 2016 that suggests he had continuing back pain symptoms. ECF No. 12 at 14, 16; *see* AR 1144-52. However, at the time of that appointment, Plaintiff had stopped taking his prescribed methocarbamol, which had previously controlled his back pain effectively. *See* AR 1150, 1153. Instead, Plaintiff was taking Tylenol and "declin[ed] additional medications" without explanation. AR 1145. The fact that Plaintiff stopped taking his prescribed back pain medication was a reasonable basis for the ALJ to question the symptoms described in his November 2016 chart note. *See Molina*, 674 F.3d at 1114; *Fair*, 885 F.2d at 603.

When the ALJ presents a reasonable interpretation that is supported by substantial evidence, it is not the Court's role to second-guess it. For the reasons discussed above, the ALJ did not err when discounting Plaintiff's subjective complaint testimony because the ALJ provided multiple clear and convincing reasons for doing so.

**B.    The ALJ did not Err in Weighing the Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in evaluating and weighing the medical opinion evidence. ECF No. 12 at 18-20. Specifically, he contends that the ALJ

"relied almost entirely on the opinion of a non-examining consultant" in concluding that he was not disabled. *Id.* at 19. He also contends that the ALJ failed to fully develop the record by not having an additional physician review the medical file, examine Plaintiff, and provide another opinion. *Id.* at 20.

Title II's implementing regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (non-examining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries the most weight, then an examining physician's, then a non-examining physician's. *Holohan*, 246 F.3d at 1202. A non-examining physician's opinion cannot by itself justify the rejection of the opinion of either an examining physician or a treating physician. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).

Here, in evaluating Plaintiff's residual functional capacity, the ALJ considered the opinions of the two physicians who expressly opined on Plaintiff's physical restrictions and limitations: Greg Saue, M.D. (the state agency medical consultant) and Christopher Howe, M.D. (Plaintiff's orthopedic surgeon). AR 27-28.

Dr. Saue opined that Plaintiff could perform light work and provided various other restrictions. AR 27, 108-110. The ALJ gave Dr. Saue's opinion split weight, agreeing with parts and disagreeing with parts. AR 27-28. The ALJ concluded that Plaintiff could not perform light work and was instead limited to sedentary work, given the evidence in the medical records regarding Plaintiff's back pain and his need to use a cane. AR 28.

Dr. Howe restricted Plaintiff's activity following his August 2013 lower back surgery. AR 28, 392-93. He advised Plaintiff to avoid repetitive bending, lifting, and twisting activities for six weeks after surgery. AR 393. The ALJ noted that these restrictions were consistent with Plaintiff's improved functioning following physical therapy. AR 28. The ALJ concluded that once the six weeks had passed, Plaintiff would be able to perform sedentary work. AR 28.

Plaintiff argues the ALJ "relied almost entirely on the opinion of a non-examining consultant" in finding that he was not disabled. ECF No. 12 at 19. However, ALJs are required to consider—and also entitled to rely on—non-examining physicians' opinions. *See* 20 C.F.R. § § 404.1513a(b)(1). While ALJs may not reject a treating or examining physician's opinion based *solely* on the opinion of a non-examining physician, that is not what happened here. Dr. Howe gave Plaintiff mild, short-term, post-surgery restrictions, which the ALJ did not reject. Rather, the ALJ recognized that these restrictions applied while Plaintiff

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

recovered from surgery and were not intended to be a long-term assessment of his functional abilities. *See* AR 28.

Plaintiff also argues the ALJ erred in concluding that he could not perform light work (as Dr. Saue opined) and was instead limited to sedentary work, given his back pain and his need to use a cane. ECF No. 12 at 19-20. Plaintiff contends that by finding him more restricted, the ALJ "[relied] on his own lay opinion to make a medical judgment." *Id.* at 19. This is incorrect—the ALJ based this finding on evidence in the medical records.[4] *See* AR 28, 450, 638-40, 672-74.

Finally, Plaintiff contends that the ALJ failed to fully develop the record because the ALJ did not have an additional physician review the medical file, examine Plaintiff, and provide another opinion. ECF No. 12 at 20. However, Plaintiff overlooks the fact that he stipulated at the hearing "that the record was complete and required no further development." AR 16; *see* AR 41-42; *Jackson v. Astrue*, No. ED CV-07-1609 PJW, 2009 WL 1740679, at *2 (C.D. Cal. 2009).

For these reasons, the ALJ did not err in evaluating and weighing the medical opinion evidence.

///

///

///

---

[4] In any event, ALJs are entitled to rely on lay observations about a claimant's symptoms and then incorporate these observations into the residual functional capacity. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

# VIII. Order

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 7th day of August, 2019.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge